IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Claude Cotton,<br>        Petitioner,<br>vs.<br>Dora Schriro, et al.,<br>        Respondents. | CV-06-1819-PHX-JAT (JCG)<br>**REPORT & RECOMMENDATION** |

    Petitioner Danny Claude Cotton, presently incarcerated at the Arizona State Prison Complex, Barchey Unit, in Buckeye, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 14), Petitioner's Reply to Respondent's Answer for Writ of Habeas Corpus ("Reply") (Doc. No. 21) and Petitioner's Notice of Supplemental Document. (Doc. No. 23.) The Magistrate Judge recommends that the District Court deny the Petition.

    Also pending before the Court is a Motion for Stay and Abeyance filed by Petitioner on February 21, 2008. (Doc. No. 16.) Respondents responded to the Motion on February 26, 2008. (Doc. No. 17.) Petitioner timely replied. (Doc. No. 19.) The Magistrate Judge recommends that the District Court deny the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

    On June 7, 1995, Petitioner was at a motel with his cousin, Mel Wright, and a woman

1  named Debra Williams, who lived with Wright.[1] (Answer, Ex. A.) Two teenagers, Curtis
2  Norris and Ricky Montague, arrived at the motel and demanded to speak to Williams,
3  claiming that she owed one of them money. (*Id.*; *see also* Answer, Ex. L.) Petitioner and
4  Wright accompanied Williams to the motel office, where the teens were waiting. (*Id.*)
5  Wright argued with one of the teens; as Wright turned to walk away, Petitioner handed him
6  a pistol and told him to "handle [Wright's] business." (*Id.*) Wright gave the gun back to
7  Petitioner and the teens began to leave. (*Id.*) As the teens walked away, Petitioner fired six
8  or seven shots, hitting one of the teens in the back. (*Id.*)

9  On September 26, 1995, Petitioner was indicted on two counts of aggravated assault,
10 one a class 2 felony involving a dangerous crime against children, and one a class 3
11 dangerous felony. (Answer, Ex. B.) The jury convicted Petitioner on one count of
12 aggravated assault involving a dangerous crime against children and on one count of the
13 lesser-included offense of disorderly conduct. (Answer, Ex. C.) The trial court sentenced
14 Petitioner to prison terms totaling 20 years. (*Id.*)

15 Petitioner appealed his conviction, raising one issue in his direct appeal: the
16 prosecutor engaged in prosecutorial error by vouching for the state's witnesses and arguing
17 facts not in evidence. (Answer, Ex. D.) The Arizona Court of Appeals affirmed Petitioner's
18 conviction on December 17, 1995. (Answer, Ex. A.) Petitioner petitioned the Arizona
19 Supreme Court for review of the Arizona Court of Appeals' decision; the Supreme Court
20 denied review on June 24, 1997. (Answer, Ex. F.)

21 While his direct appeal was proceeding, Petitioner filed a notice of post-conviction
22 relief on January 17, 1997. (Answer, Ex. H.) Petitioner later moved to withdraw the post-
23 conviction petition without prejudice, pending resolution of his direct appeal. (Answer, Ex.
24 I). That motion was granted on August 5, 1997. (*Id.*) Petitioner re-filed his notice of post-
25 conviction relief on August 19, 1997. (Answer, Ex. J.) On September 9, 1998, counsel for
26 Petitioner filed a Notice of Completion of Post-Conviction Review, indicating that she was

27
28
---
[1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."

1 unable to find any claims for relief to raise in post-conviction proceedings. (Answer, Ex. K.)
2 On February 22, 1999, Petitioner filed a *pro se* petition for post-conviction relief pursuant
3 to Rule 32, Ariz. R. Crim. P. ("First Rule 32 Petition"). (Answer, Ex. L.) The trial court
4 denied Petitioner's First Rule 32 Petition on the merits on December 6, 1999. (Answer, Ex.
5 M.) On January 19, 2000, Petitioner filed a notice of appeal and request for extension of
6 time to file a petition for review in the Arizona Court of Appeals. (Answer, Ex. N.) The
7 Court of Appeals struck the notice of appeal because it did not comply with Rule 32.9(c),
8 Ariz. R. Crim. P. (*Id.*)  The Court of Appeals granted Petitioner an extension of time in
9 which to file a petition for review that complied with Rule 32.9(c). (*Id.*) When Petitioner
10 failed to comply with that order, the Court dismissed the matter on March 9, 2000. (Answer,
11 Ex. O.) On March 23, 2000, the Court of Appeals reinstated the petition for review and
12 extended Petitioner's deadline to file his petition for review.[2] (Answer, Ex. P.) Petitioner
13 filed a petition for review of the trial court's dismissal of his First Rule 32 Petition in the
14 Arizona Court of Appeals; the Court of Appeals denied review on May 23, 2000. (Answer,
15 Exs. Q & R.) Petitioner petitioned the Arizona Supreme Court for review on June 22, 2000;
16 the Arizona Supreme Court denied review on March 8, 2001. (Answer, Exs. S & T.)

17 Petitioner filed a second notice of post-conviction relief concurrent with a petition for
18 post-conviction relief on November 16, 2000 ("Second Rule 32 Petition"). (Answer, Ex. U.)
19 The trial court denied the Second Rule 32 Petition on the ground that the claims raised
20 therein had been previously adjudicated and/or were precluded pursuant to Rule 32.2(a),
21 Ariz. R. Crim. P. (Answer, Ex. V.) On July 24, 2001, the Arizona Court of Appeals denied
22 review of the trial court's denial of Petitioner's Second Rule 32 Petition. (Answer, Ex. W.)

23 On February 12, 2002,[3] Petitioner filed a "Petition for Writ of Habeas Corpus" in the
24 trial court. (Answer, Ex. X.) The trial court construed the pleading as a notice of post-

---

[2] Apparently Petitioner had filed a motion for extension of time in the trial court, which had not ruled on the motion.

[3] Although Petitioner's "Petition for Writ of Habeas Corpus" is marked as filed on February 19, 2002, the trial court filed a minute entry on February 12, 2002, acknowledging receipt of the pleading and designating it as a notice of post-conviction relief. (Answer, Ex. Y.) The Court therefore assumes a filing date of February 12, 2002.

conviction relief and ordered Petitioner to file a *pro se* petition pursuant to Rule 32, Ariz. R. Crim. P. (Answer, Ex. Y.) Petitioner filed his petition for post-conviction relief on March 18, 2002 ("Third Rule 32 Petition"). (Answer, Ex. Z.) On July 1, 2002, the trial court summarily dismissed the petition on the ground that the claims were precluded pursuant to Rule 32.2(a)(3), Ariz. R. Crim. P. (Answer, Ex. AA.) Petitioner petitioned for review in the Arizona Court of Appeals (Reply, Part 4, pages 1-6); the Court of Appeals denied review on June 26, 2003.[4] (Answer, Ex. EE.) The Arizona Supreme Court denied review on November 24, 2003. (Answer, Ex. FF.)

The record before the Court is unclear as to the filings that followed. On March 14, 2003, Petitioner filed a Motion to Re-file a Petition for Post-Conviction Relief in which he claimed that a petition was inadvertently attached to a notice of post-conviction relief filed on December 24, 2002.[5] (Answer, Ex. BB.) Attached to that motion was a copy of a petition for post-conviction relief filed in the trial court on December 24, 2002.[6] Neither the notice nor the petition were part of the state court record apart from the petition being attached as an exhibit to the March 14 motion. (*Id.*) On September 11, 2003, the trial court issued a

---

[4] The Court relied on documents provided by Petitioner, as well as its own interpretation of the documents which had been provided by Respondents in non-chronological order, to arrive at the procedural history summarized in this Report and Recommendation. Respondents provided an incomplete and disorganized state court record with respect to Petitioner's Third and Fourth Rule 32 Petitions and apparently incorrectly summarized the procedural history based on that record. (Answer, pg. 6.) Respondents stated that the Third Rule 32 Petition was filed on February 19, 2002, denied by the trial court on July 1, 2002, then re-filed on March 14, 2003. (*Id.*) Respondents then stated that the trial court denied the Fourth Rule 32 Petition (which Respondents refer to as the re-filed Third Rule 32 Petition) on September 11, 2003, and that the Court of Appeals denied review on June 26, 2003, a date which was three months before the trial court's ruling. Obviously, the Court of Appeals could not have denied review prior to the trial court issuing a ruling. It appears to this Court that the March 14, 2003 filing signified the initiation of a fourth round of post-conviction relief proceedings which were terminated when the trial court denied the Fourth Rule 32 Petition on September 11, 2003 and that the June 26, 2003 Court of Appeals decision related to Petitioner's Third Rule 32 Petition.

[5] The notice of post-conviction relief, which does in fact appear to have been filed on December 24, 2002, is not discussed chronologically in the Procedural History section of Respondent's Answer. The Motion to Allow the Re-Filing moves, pursuant to the court's order dated February 27, 2003, for permission to re-file the petition. The court order of February 27, 2003 is also not part of the record before this Court.

[6] The copy of the petition which is attached to the motion references an attachment which is not a part of the state court record.

4

minute entry which suggests that Petitioner was permitted to re-file the December 24, 2002 petition for post-conviction relief. (Answer, Ex. CC.) Although the trial court refers to the December 24, 2002 petition as Petitioner's third Rule 32 petition; according to this Court's review of the record, it was his fourth. On September 11, 2003, the trial court denied the re-filed petition for post-conviction relief ("Fourth Rule 32 Petition") on the ground that the alleged newly-discovered evidence did not present a colorable claim for relief and that the claims presented were precluded pursuant to Rule 32.2(a)(3), Ariz. R. Crim. P. (Answer, Ex. CC.)

On June 28, 2006, Petitioner filed another petition for post-conviction relief in the trial court, which according to this Court's review of the record was the fifth petition filed in the state court by Petitioner ("Fifth Rule 32 Petition"). (Answer, Ex. GG.) Although the trial court granted Petitioner leave to proceed with the untimely petition, appointed counsel, and ordered briefing, it ultimately dismissed Petitioner's Fifth Rule 32 Petition on the ground that it was without merit. (Answer, Exs. HH & II.) The Arizona Court of Appeals denied review on October 2, 2007.[7] (Answer, Ex. JJ.) On November 2, 2007, Petitioner filed a petition for review in the Arizona Supreme Court. (Answer, Ex. KK.) The Arizona Supreme Court denied review on April 22, 2008. (Doc. No. 23.)

On July 24, 2006, Petitioner filed the pending Petition for Writ of Habeas Corpus in this Court. (Doc. No. 1.) In his Petition, Petitioner raises two claims:

**Ground 1:** Petitioner was denied an opportunity to present newly discovered evidence at a full and fair hearing after trial;

**Ground 2:** Petitioner was not allowed to consolidate his newly discovered evidence claims to support his assertion of innocence.

## DISCUSSION

**A.  Timeliness of the Petition**

Federal petitions for writ of habeas corpus filed by state prisoners are governed by a

---

[7] Respondents did not provide a copy of Petitioner's petition for review by the Arizona Court of Appeals of the trial court's denial of Petitioner's Fifth Rule 32 Petition. A copy was provided by Petitioner in his Reply. (Doc. No. 21, Ex. C, pgs. 33-38.)

one-year statute of limitations period. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Of these possible starting dates, only the first and fourth are relevant to the present action. Petitioner does not assert that State action impeded him from timely filing his Petition, nor does Petitioner assert a new right recognized by the Supreme Court that grants retroactive review.

### 1. *Conclusion of direct review*

Petitioner's judgment became final on September 22, 1997, 90 days after Arizona Supreme Court denied Petitioner's petition for review of the trial court's dismissal of his direct appeal on June 24, 1997. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999) (holding that the period within which a petitioner could have sought direct review of his conviction includes the ninety-day period within which petitioner could have filed a petition for a writ of certiorari from the United States Supreme Court). Under ordinary circumstances, the one year statute of limitations would have began to run on that date. However, on August 19, 1997, before the ninety-day period expired, Petitioner re-filed his First Rule 32 Petition. When a properly filed state post-conviction relief request is pending, the proscribed one year statute of limitations may be tolled. *See* 28 U.S.C. § 2244(d)(2). Since Petitioner properly filed his Notice for Post-Conviction Relief, the one year statute of limitations was tolled until March 9, 2000, when the Court of Appeals dismissed the First Rule 32 proceedings for failure timely to file a petition for review. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.

1999) (holding that the AEDPA statute of limitations is tolled for all of the time during which a state prisoner is attempting, through *proper* use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application). The statutory period then ran for thirteen days, from March 9 to March 23, 2000, when the Arizona Court of Appeals reinstated Petitioner's First Rule 32 proceedings and granted Petitioner an opportunity to file properly his petition for review.[8] The statute was tolled until the Arizona Supreme Court denied Petitioner's petition for review on March 8, 2001.

At the time the Arizona Supreme Court issued its decision regarding Petitioner's First Rule 32 Petition, Petitioner had already instituted his second round of post-conviction relief proceedings in state court. He filed his second notice of post-conviction relief on November 16, 2000. Thus, pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations was tolled until the second round of post-conviction relief proceedings concluded on July 24, 2001.

The statute of limitations ran for 203 days, from July 25, 2001 until Petitioner's "Petition for Writ of Habeas Corpus" was designated by the trial court as Petitioner's third notice of post-conviction relief on February 12, 2002.[9] The statute was tolled from that date until November 24, 2003, when the Arizona Supreme Court denied review of Petitioner's Third Rule 32 Petition.[10]

The statute of limitations ran for the 149 days remaining in the one-year period, until it expired on April 22, 2004. Petitioner did not file his fifth notice of post-conviction relief

---

[8] The Court excludes the thirteen days between dismissal and reinstatement of Petitioner's First Rule 32 proceedings by the Arizona Court of Appeals because Petitioner erred by moving for an extension of time in which to file his petition for review in the trial court, rather than the Court of Appeals. (Answer, Ex. P.) The AEDPA statute of limitations is only tolled during the time that a prisoner is attempting to exhaust state court remedies through proper use of state court procedures. *See Nino*, 183 F.3d at 1006. However, even if the fourteen days were included in the tolling, it would not change the Court's conclusion that Petitioner's federal petition was not timely filed.

[9] A state habeas petition is not a properly filed application for post-conviction review under Arizona law, and thus does not toll the limitations period. *See Nino*, 183 F.3d at 1006. However, once the state court designated the pleading as a notice of post-conviction relief, it tolled the statute of limitations.

[10] Petitioner's Fourth Rule 32 Petition does not affect the Court's timeliness analysis; it was initiated and terminated during the pendency of Petitioner's Third Rule 32 Petition.

7

1 until June 28, 2006, and therefore that petition did not toll the statute. *See Ferguson v.*
2 *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) does not permit the
3 reinitiation of the limitations period that has ended before the state petition was filed).
4 Petitioner did not file his federal habeas petition until July 24, 2006, over two years after the
5 statute of limitations period expired.

    *2. Newly-discovered evidence*

    Petitioner argues that the statute of limitations should not begin to run from the date that his judgment became final but from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Both of the claims raised in the Petition arise from Petitioner's acquisition of affidavits in which witnesses who testified at trial recant their testimony. In Ground 1, Petitioner claims that the trial court erred in dismissing his post-conviction relief proceedings without first conducting a hearing related to the claims made in the affidavits. In Ground 2, Petitioner claims that he should have been afforded an opportunity to present all of the affidavits in support of his claim of innocence. According to Petitioner, the affidavits were obtained in piecemeal fashion, he was not able to present all of them in his first post-conviction relief proceedings and the trial court dismissed his subsequent post-conviction relief proceedings as successive even though these later proceedings included newly-obtained affidavits.

    Three witnesses recanted their testimony in affidavits which Petitioner characterizes as newly-discovered: Ricky Montague, Mel Wright and Debra Williams. Of these, Ricky Montague's affidavit is not newly-discovered evidence; Petitioner has been in possession of an affidavit from Ricky Montague stating that he mis-identified Petitioner as the shooter since December 20, 1995. (Answer, Ex. L, pg. 23.)

    The affidavit of Mel Wright was obtained by Petitioner on January 6, 1997. (Answer, Ex. L, pg. 32.) If the statute of limitations was calculated from that date, it would make no difference to the timeliness analysis outlined above. The statute would have been tolled on January 6, 1997 by Petitioner's direct appeal and First Rule 32 Petition, and would not have started to run until March 9, 2000, when the Court of Appeals dismissed Petitioner's First

Rule 32 proceedings. With the various state court proceedings tolling the statute as outlined above, the statute would still have expired on April 22, 2004 and Petitioner's federal Petition would still be time-barred.

Debra Williams' affidavit is the only affidavit that, based on the time it was obtained, could be considered newly discovered evidence. Although the affidavit is dated October 5, 2005, Petitioner states in his Reply that he did not receive Williams' affidavit until June 28, 2006.[11] (Reply, pg. 7.) Regardless, whether the statute began to run on October 5, 2005 or June 28, 2006, or some date in between, it would have been tolled by the filing of Petitioner's Fifth Rule 32 Petition on June 28, 2006 and would not have expired before Petitioner filed his federal Petition on July 24, 2006.

Williams' affidavit, however, should not be considered newly discovered evidence. Under 28 U.S.C. § 2244(d)(1), the statute of limitations begins to run on the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*. In the present case, Petitioner has not provided any argument suggesting that he exercised due diligence but was unable to obtain a recantation from Debra Williams until almost ten years after his conviction. Because Petitioner bears the burden of proving that he exercised due diligence in discovering Debra Williams recantation, and because Petitioner has failed to meet this burden, the Court concludes that Petitioner has failed to demonstrate that Williams' affidavit provides a basis for extending the limitations period. The Petition is therefore untimely.

**B.     Non-Cognizable Claims in the Petition**

Even if the Court considered the Petition to be timely filed, the Petition does not present a cognizable claim for federal habeas corpus relief, and therefore the Petition should be dismissed.

Grounds 1 and 2 of the Petition both challenge the manner in which the state court reviewed Petitioner's conviction pursuant to Rule 32, Ariz. R. Crim. P. Petitioner's claims,

---

[11] It appears that Petitioner had notice of the affidavit before June 28, 2006, however, given that Petitioner filed his Fifth Rule 32 Petition (while represented by counsel) on June 28, 2006.

9

although framed as due process violations, essentially argue that the trial court, during post-conviction relief proceedings, should have held an evidentiary hearing and should have considered all of the evidence that Petitioner obtained following his conviction in one, consolidated proceeding. The Ninth Circuit, however, has clarified that procedural errors arising during post-conviction relief proceedings are not cognizable in habeas corpus proceedings under 28 U.S.C. § 2254 because they do not challenge a petitioner's detention. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (*per curiam*); *see also Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997).

To the extent that Petitioner is asserting a free-standing claim of innocence, such a claim is not cognizable in a federal habeas proceeding. *Cf. Herrera v. Collins*, 506 U.S. 390, 417 (1993); *Carriger v. Stewart*, 132 F.3d 463, 476-77 (9th Cir. 1997). Actual innocence, if it amounts to a "fundamental miscarriage of justice," has been recognized as a gateway through which an otherwise barred claim may be heard, *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992), but there is no support for Petitioner's assertion that actual innocence is a stand-alone claim for federal habeas relief. Accordingly, the Petition does not present a cognizable claim for federal habeas corpus relief.

## C. Motion for Stay and Abeyance

Petitioner moved for a stay of these proceedings because, at the time the Motion was filed, his Fifth Rule 32 Petition remained pending in state court. Those proceedings terminated, however, when the Arizona Supreme Court denied review on April 22, 2008.[12]

---

[12] It is appropriate for the federal court to stay federal habeas proceedings if the petitioner has failed to exhaust claims in state court which are potentially meritorious. *See Rhines v. Weber*, 544 U.S. 269 (2005). However, because the claims have no merit in federal court, as explained in Section B, there would have been no basis for staying the federal petition. In addition, Grounds 1 and 2 of the Petition would not be considered exhausted. To properly exhaust state remedies, the petitioner must "fairly present" his claims in state court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Petitioner presented Ground 1 in his Fifth Rule 32 Petition and in his petition for review, but the claim was presented as a state law claim, not a federal law claim. (Answer, Exs. GG and KK.) Because Petitioner did not present Ground 1 in the context of a federal legal theory, the state court did not have a fair opportunity to consider Ground 1 as a constitutional

(Doc. No. 23.) Accordingly, the Magistrate Judge recommends that the district court deny the Motion for Stay as moot.

**RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING WITH PREJUDICE the Petition for Writ of Habeas Corpus (Doc. No. 1) and DENYING Petitioner's Motion for Stay and Abeyance. (Doc. No. 16.)

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-06-1819-PHX-JAT**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 16th day of May, 2008.

_____
Jennifer C. Guerin
United States Magistrate Judge

---

claim. Petitioner did not present Ground 2 in his Fifth Rule 32 petition or in his petition for review, and therefore Ground 2 is not properly exhausted. *See Rose*, 455 U.S. at 519 (stating that a petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254). Because both of these claims stem from Petitioner's alleged claim of newly-discovered evidence proving his innocence, Petitioner likely is not precluded from pursuing these claims in a successive state court petition pursuant to Rules 32.2(b) and 32.1(h), Ariz. R. Crim. P.