**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Claude Cotton,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro; et al.,<br><br>    Respondents. | No. CV 06-1819-PHX-JAT<br><br>**ORDER** |

Pending before this Court is the Magistrate Judge's Report and Recommendation (R&R) (Doc. #24), recommending that this Court deny and dismiss Petitioner's Petition for Writ of Habeas Corpus.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

Petitioner has filed objections to the R&R. Doc. #26. In his objections, Petitioner states, "It is respectfully requested that this Honorable Court deny the ... R&R and appoint counsel and set this matter for an evidentiary hearing." *Id.* Accordingly, the Court will review the issues raised in the objections de novo.

**Motion to Stay**

The Court first notes that on February 21, 2008, Petitioner filed a motion to stay this case until his attempted appeal to the Arizona Supreme Court on his fifth motion for post conviction relief is resolved. As the Magistrate Judge notes in the R&R, the state courts have now concluded their review of this issue. Accordingly, the R&R recommends that this motion be denied as moot and this Court will accept that recommendation.

**Petition and Objections**

In the R&R the Magistrate Judge concludes that the Petition is barred by the statute of limitations set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See* Doc. #24 at 5-9; 28 U.S.C. § 2244(d)(1). The R&R further goes on to analyze the availability of statutory tolling and equitable tolling, and concludes that even after considering the available tolling, the Petition in this case is still untimely. Doc. #24 at 5-9. In his objections, Petitioner claims that the state court record, as presented to the federal court, is inadequate, he objects to the denial of his request for counsel, and he continues to maintain his innocence and seeks an evidentiary hearing regarding his innocence. Petitioner also disputes when his AEDPA statute of limitations should begin to run based on what Petitioner claims is newly discovery evidence.

**Timeliness**

The Court has reviewed the R&R de novo, and agrees with the conclusion of the Magistrate Judge that the Petition in this case is untimely. In other words, the Court finds that, considering all available statutory and equitable tolling, the Petition is barred by the statute of limitations.

However, the Court notes that at footnote 8 of the R&R, the R&R states that 13 days between the dismissal and reinstatement of the First Rule 32 Petition were counted against the statute of limitations, but that these 13 days did not affect whether the Petition was timely. The Court notes that per *Summers v. Schriro*, 481 F.3d 710, 716-17 (9th Cir. 2007),

1 under Arizona law, the first Rule 32 proceeding,[1] or the "of-right" proceeding, is considered
2 part of "direct review" and not collateral review; therefore, the statute of limitations is not
3 "tolled" while the first petition for post conviction relief is pending, but instead has not
4 started running until the first Rule 32 proceeding is concluded. As a result, the Court does
5 not necessarily agree that the 13 days referenced in footnote 8 of the R&R "count" against
6 the statute of limitation because – since the Rule 32 is part of direct review – the time to
7 appeal the dismissal of that petition is available to Petitioner under *Bowen v. Roe*, 188 F.3d
8 1157, 1158-59 (9th Cir. 1999) <u>before</u> the statute of limitation evens begins to run. *See*
9 *Summers*, 481 F.3d at 717. Thus, the Court will give Petitioner the benefit of the doubt and
10 not count these 13 days against him. Further, because this first Rule 32 petition is part of
11 "direct review" the Court must tack on the 90 days to appeal to the Supreme Court from the
12 time the first Rule 32 concluded. *Id.* But, during this 90 days, Petitioner had a second
13 petition for post conviction relief pending which tolled the statute of limitations. Thus,
14 regardless of whether the statute had not yet started running, or was tolled by the filing of the
15 second petition for post conviction relief, none of that time (from March 8, 2001 to
16 approximately June 8, 2001) is counted against Petitioner's statute of limitations. *See*
17 *generally* Doc. #24 at 7.

18 So, as of July 24, 2001, when Petitioner's second petition for post conviction relief
19 was denied, the federal statute of limitations had either not yet started to run, or had been
20 statutorily tolled. As of July 25, 2001, the federal statute of limitations began to run, and ran
21 until Petitioner had a new properly filed document in state court that would again cause the
22 statute of limitations to be statutorily tolled. The state court record shows that a Petition for
23 Writ of Habeas Corpus was filed with the state courts on February 19, 2002. However, there
24 is a minute entry from the superior court dated February 12, 2002 which converts the habeas
25 petition to another post conviction relief petition pursuant to the state rules and assigns it to

---

[1] A "Rule 32 proceeding" is also known as a petition for post conviction relief, or a notice of post conviction relief.

- 3 -

a judge for consideration. Obviously it is impossible for this minute entry to issue before the habeas petition has been received by the state court, which is how the record reads. This situation is further complicated by the fact that Petitioner never dated nor signed the habeas petition, so the Court cannot simply give Petitioner the benefit of that date. Attached to the Petition is a notarized document dated December 29, 2001, thus, the habeas petition was filed sometime after that date. So, on this record, it is unclear when between December 29, 2001, when the notarized document was signed, and February 12, 2002, when the superior court assigned the habeas petition, the habeas petition was actually filed with the state court.[2]

Based on this record, the Court will give Petitioner the benefit of any doubt and deem the state habeas petition, which was converted to a third petition for post conviction relief, to have been filed on December 30, 2001, the day after the witness signed her affidavit. Thus, between July 25, 2001 to December 30, 2001, 158 days of the AEDPA's statute of limitations ran. The statute of limitations was tolled based on this filing until the Arizona Supreme Court denied review on November 24, 2003. The statute of limitation then ran until it expired on June 12, 2004.

From this point the Court agrees with the recommendation and finding of the R&R that neither Petitioner's fourth notice of post conviction relief nor his fifth notice of post conviction relief affect the statute of limitations calculation. This result is true because the fourth post conviction relief petition was filed and completely resolved while the third petition for post conviction relief was pending, so there was tolling for that entire period already. R&R at n. 10. The fifth petition was not filed until June 28, 2006, over two years after the statute of limitations expired, and as recounted in the R&R such a filing cannot

---

[2] At footnote 3 of the R&R, the R&R treats the filing date as February 12, 2002. Then, the R&R at footnote 9 explains that February 12, 2002 is the proper date to consider because under Arizona law a habeas petition is not "properly filed" until it is converted to a post conviction relief Petition. However, this Court does not agree that the case cited for this conclusion supports this conclusion. Further, it appears that Arizona has retained the writ of habeas corpus in some contexts. *See State v. Cowles*, 82 P.3d 369 (Ariz. App. 2004).

1 restart the statute of limitations after it has expired. R&R at 8. Accordingly, the Petition
2 filed on July 24, 2006 in this case is barred by the statute of limitations.

### Objections related to Timeliness

### 28 U.S.C. § 2244(d)(1)(D)

As the R&R recounts, Petitioner claims that he is actually innocent based on his relatively recent receipt of Debra Williams' affidavit in which she recants her prior testimony against Petitioner. Petitioner objects to the R&R's conclusion that Petitioner did not exercise due diligence in obtaining Debra Williams' affidavit ("Williams affidavit"). Objections at 4.

Under 28 U.S.C. § 2244(d)(1)(D) the AEDPA one year statute of limitation does not begin to run until, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner claims that his receipt the Williams affidavit is the "factual predicate" of his claim herein. It appears undisputed that he obtained this affidavit no earlier than October 5, 2005.[3] *See* R&R at 9. Thus, under § 2244(d)(1)(D), if the Williams affidavit qualifies as the factual predicate of the claim discovered through due diligence, and the statute of limitations began to run on the date of receipt, then the July 24, 2006 filing of this habeas petition would be timely under the AEDPA.

The Court finds that the Williams affidavit is not the "factual predicate" of Petitioner's claims. The Williams affidavit is not the factual predicate of Petitioner's claim because Petitioner already had two similar affidavits that he obtained in 1995 and 1997 that offer the same factual conclusions as the Williams affidavit and themselves could and would form the factual predicate of the claim.

As indicated above, the 1995 and 1997 affidavits contained the same recantations that the later obtained Williams affidavit contains. Thus, these potential recantations and their ability to potentially justify a new trial have been known since 1995 and indeed formed part

---

[3] Petitioner claims he did not receive the Williams affidavit until June 2006.

1 of the basis for Petitioner's post conviction relief motion that the state court denied on
2 December 6, 1999. *See* Doc. #14-3 at 55-62. Because potential witness recantation has been
3 know since long before the Williams affidavit, the Court finds that Petitioner's obtaining of
4 the Williams affidavit does not equal the first time the factual predicate of this claim was
5 known to Petitioner which would justify any alternative calculation of the statute of
6 limitations.

7 With regard to the second prong of 28 U.S.C. § 2244(d)(1)(D) — due diligence —
8 the R&R concludes that Petitioner has offered no argument explaining how he was exercising
9 due diligence in the 10 years between his conviction and the date on which he obtained the
10 Williams affidavit. R&R at 9. Petitioner objects to this conclusion and states that he could
11 not obtain the Williams affidavit until 2005 because: 1) he was in custody, 2) he did not have
12 money, 3) he was dependant on others, and 4) he was simultaneously pursuing other
13 evidence. Objections at 4-5.

14 In *Woratzeck v. Stewart*, 118 F.3d 648, 652 (9th Cir. 1997), the Court of Appeals
15 explained that the petitioner must make a prima facie showing that he, "exercised due
16 diligence in uncovering the factual predicate of his claim."[4] The Court then found that while
17 the petitioner had only recently learned that the evidence in question may exist, he had
18 known of the possibility of its existence for a significant period of time, even before one of
19 his post conviction relief filings in state court. *Id.* The Court then concluded that the
20 petitioner's failure to pursue this potential evidence sooner, when he knew of the possibility
21 of the evidence, was not due diligence. *Id.*

22 This case is similar with regard to due diligence. Here, before Petitioner's trial, his
23 attorney knew of potential recantations. *See* Doc. #14-3 at 58. The fact that some witnesses
24 had recanted led Petitioner to know he might be able to pursue this issue. Yet, he did not
25 pursue it with respect to Debra Williams until June 2006, over ten years after his sentencing

26

27 [4] The Court was specifically addressing filing a successive petition under 28 U.S.C.
§ 2244(b)(3); however, this Court sees no reason why the due diligence analysis would differ
28 under § 2244(d)(1)(D).

- 6 -

1 in March 1996. *Compare* R&R at n. 11 to Doc. #14-2 at 13. The Court finds that this was not due diligence even considering Petitioner's incarceration and the limitations he faced as a result of his incarceration.

Thus, because the Williams affidavit is not the factual predicate of Petitioner's claim, and because, even if the Williams affidavit could qualify as the factual predicate of the claim, it was not obtained through the exercise of due diligence, the Court finds that the obtaining of the Williams affidavit is not the relevant date from which to calculate the statute of limitations. Accordingly, the Petition in this case is barred by the statute of limitations under the AEDPA and the R&R's conclusion in this regard will be accepted.

**State Court Record**

Petitioner seeks to have this Court order the state to provide a "complete and organized" record, so that the Court can review Petitioner's claim that he is "actually innocent." Objections at 3. First, Petitioner fails to point to any particular part of the state court record that is missing. Further, Petitioner fails to generally explain how the state court record is not complete. Finally, while relying on footnote 4 of the R&R for support that the record as filed was incomplete and disorganized, Petitioner fails to object to any specific finding of the R&R regarding the procedural history of Petitioner's cases in state court. Thus, the Court finds that the R&R's recounting of the procedural history of this case is accurate and nothing in Petitioner's objections support Petitioner's argument that the Magistrate Judge erred in relying on the state court record provided.[5]

**Request for Evidentiary Hearing**

In order to qualify for an evidentiary hearing, Petitioner must both: "(1) allege facts which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." *Belmontes v. Brown*, 414 F.3d 1094, 1124 (9th Cir. 2005). In this case, Petitioner is not

---

[5] Thus, while this Court has recalculated the statute of limitations based on how this Court believes the law treats tolling, this Court has not found any of the Magistrate Judge's conclusions regarding the facts of what occurred in state court to be incorrect.

- 7 -

1 entitled to an evidentiary hearing because he has offered no evidence, which, if true, would
2 entitle him to relief.

3 The R&R concludes that actual innocence is not a claim cognizable on habeas review.
4 *See* R&R at 10. The R&R then continues that actual innocence is only relevant to
5 overcoming certain procedural bars to making a cognizable claim. Petitioner objects, arguing
6 that the R&R erred "when it stated that Petitioner failed to support an actual-innocence, is
7 a stand-alone claim." *See* Objections at 3. In the cases relied on by the Magistrate Judge,
8 both of which were death penalty cases, the courts presumed without deciding that a free-
9 standing actual innocence claim <u>is</u> available in the federal habeas context. *See, e.g., Carriger*
10 *v. Stewart*, 132 F.3d 463, 476-77 (9th Cir. 1997) (*en banc*). Thus, Petitioner is correct in his
11 objection that no court has held that a free-standing claim of actual innocence is not
12 cognizable as a federal habeas claim.[6] To this extent, his objection is sustained.

13 In articulating what showing this hypothetically available free-standing claim of actual
14 innocence requires, the Ninth Circuit Court of Appeals has stated that the showing required
15 to prevail is "extraordinarily high," and "contemplates a stronger showing than insufficiency
16 of the evidence to convict." *Id.* at 476. The Court went on to state that, "a habeas petitioner
17 asserting a freestanding innocence claim must go beyond demonstrating doubt about his
18 guilt, and must affirmatively prove that he is probably innocent." *Id.*

19 Petitioner did not exhaust this claim in state court based on an actual innocence
20 theory. However, he did raise these same arguments with regard to his alibi witnesses and
21 the allegedly recanting witnesses in state court as an ineffective assistance of counsel claim
22 in one of his post conviction relief petitions. *See* Doc. #14-3 at 58.[7] With respect to any

---

[6] Additionally, in at least one unpublished opinion, the Ninth Circuit Court of Appeals has presumed without deciding that a free-standing actual innocence claim is available in non-capital cases. *See Rayford v. Henry*, 61 Fed.Appx. 342, 344 (9th Cir. 2003).

[7] Petitioner also sought a new trial based on "newly discovered evidence." The newly discovered evidence was the recanting affidavit of Mr. Wright, which is one of the affidavits on which Petitioner relies in this case. *See* Doc. #14-3 at 60.

claim that was properly exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[8] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). Because Petitioner has exhausted the circumstances of these claims in state court, this Court will presume the correctness of the state court's factual findings.

Applying *Strickland v. Washington*, 466 U.S. 668 (1984) in ruling on Petitioner's post conviction relief motion based on ineffective assistance of counsel, the state court found with regard to the alleged recantations, that:

> Defendant contends that his counsel was remiss in failing to investigate the alleged recantations made by the victims. As pointed out by the State, the record suggests that any alleged recantations by the victims were the result of them being threatened by Defendant's associates. Defense counsel was not remiss in refusing to open the door to evidence which could have been very damaging to Defendant.

Doc. #14-3 at 58.

Further, in considering Petitioner's ineffective assistance of counsel argument with regard to the alibi witnesses on which Petitioner further bases his claim of actual innocence, the state court found:

> Defendant contends that his attorney was ineffective because he failed to call numerous witnesses who were at a party, and who could have testified that Defendant did not leave the party during the pertinent time periods. Defendant attaches an affidavit from Cory Walker, who was not called as a trial witness, and who now claims in his affidavit that Defendant never left the party.
> The decision [of] what witnesses to call at trial is a matter of trial strategy, and the Court will not attempt to second-guess trial counsel. Two persons who were present at the party testified at trial and claimed that Defendant did not leave the party, or that they did not see him leave at any time. Calling a third person who attended the party to testify that Defendant did not leave would have been cumulative, and would not have added anything to his alibi defense.

---

[8] In applying "Federal law" the state courts need to act only in accordance with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

- 9 -

1  Doc. #14-3 at 57.[9]

2      This Court finds that the state court's determination of the facts was not unreasonable, and this Court has deferred to that determination. Based on the fact that there is evidence that the recantations Petitioner has obtained were the product of the witnesses being threatened by Defendant's associates or motivated by other factors, and based on the fact that the jury heard two of Defendant's alibi witnesses and nonetheless found him guilty, this Court finds that Petitioner cannot meet the extraordinarily high standard of proving he is probably innocent. Thus, even if the Petition were not barred by the statute of limitations, Petitioner still would not be entitled to relief on the merits of his claims.[10] Accordingly, Petitioner's request for an evidentiary hearing to, "take testimony, additional documentary

---

[9] Further, with regard to Petitioner's "newly discovered evidence" claim, applying the state law test that to be entitled to a new trial, "it must appear probable that admission of such evidence would have changed the verdict," the state court found that the Wright recantation would not have changed the verdict. Doc. #14-3 at 61. In reaching this conclusion the state court made factual findings regarding why the Wright recantation would not have changed the result, the primary reason being that given the number of witnesses who positively identified Petitioner at trial, this recantation would not have changed the result. *Id.* Additionally, the Court found:

> The Court finds that Defendant has failed to make a colorable claim showing that the recanted testimony of his cousin probably would change the verdict. The Court would note that, based upon the various letters allegedly written by Defendant's cousin to Defendant, it appears highly unlikely that if Mr. Wright authored those letters that he also drafted the affidavit that he signed, as its contents are not consistent with the manner in which he expresses himself in writing. The Court would further note that it is obvious that if Mr. Wright authored those letters, he cares very much for Defendant, and he is upset because family members still hate him because he testified against Defendant; and he wants forgiveness from Defendant and family members. He thus has several strong motives for again changing his story.

*Id.* at 61-62.

[10] Although not specifically raised in the objections, the Court finds that Petitioner's "claim" in his Petition that the state court erred by failing to hold a single, consolidated post conviction relief proceeding is not a claim cognizable in a federal habeas petition. Therefore, this "claim" also could not justify an evidentiary hearing. *See* R&R at 10 (citing, *e.g.*, *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997)(holding that errors in the state's post conviction relief process are not cognizable on habeas)).

- 10 -

evidence supporting Actual Innocence and Legal Innocence" is denied. *See* Objections at 9.

**Request for Appointment of Counsel**

Petitioner seeks to have counsel appointed to "supplement" his Petition and Traverse. Objections at 9. Preliminarily, there is no constitutional right to counsel in a habeas proceeding. *Manning v. Foster*, 224 F.3d 1129, 1133-34 (9th Cir. 2000). However, the Court will appoint counsel in certain circumstances.

> The rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures (Rule 6(a), 28 U.S.C. § 2254), or if an evidentiary hearing is required (Rule 8(c)), but "[t]hese rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the case if the interest of justice so requires." Rule 8(c)....In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See, e.g., Maclin v. Freake,* 650 F.2d 885, 887-88 (7th Cir.1981); *Dillon v. United States,* 307 F.2d 445, 447 (9th Cir.1962).

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

With respect to Petitioner's likelihood of success on the merits, the Court finds the likelihood low considering that Petitioner's Petition is barred by the statute of limitations. Next, as to the statute of limitations arguments, and Petitioner's claims of actual innocence, the Court finds Petitioner has sufficiently articulated his claims pro se. Therefore, the Court will not appoint counsel in this case.

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to stay (Doc. #16) is denied as moot.

**IT IS FURTHER ORDERED** that the R&R (Doc. #24) is accepted in part, modified in part, and rejected in part, as indicated above. The objections (Doc. #26) are sustained or overruled as indicated above.

/ / /

/ / /

/ / /

1   **IT IS FURTHER ORDERED** that the Petition is denied and dismissed with
2   prejudice because it is barred by the statute of limitations, and the Clerk of the Court shall
3   enter judgment accordingly.

4   DATED this 7th day of August, 2008.

James A. Teilborg
United States District Judge